### WILLIAMS et al. v. STEARNS et ux.

(Circuit Court, D. Rhode Island. December 7, 1903.)

No. 2,682.

1. COURTS—DIVISIONS OF STATE COURT—STATE LAWS.

Where the constitutionality of a state statute dividing the Supreme Court of the state into divisions, and giving to each separate duties, etc., was decided by all of the justices of the Supreme Court sitting together, and the Constitution of the state provided that the judicial power should be vested in one Supreme Court, etc., such decision was by a constitutional tribunal, without regard to the fact that the petition in the case was filed in one of the divisions of the Supreme Court created by the statute.

2. SAME.

Where a state statute dividing the state Supreme Court into divisions and conferring separate powers and duties on such divisions was *held* to be constitutional by all of the justices of such court sitting in banc in a case in which the question was directly involved, such decision is conclusive on the federal courts.

---

¶ 2. State laws as rules of decision in federal courts, see notes to Griffin v. Wheel Co., 9 C. C. A. 548; Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.

See Courts, vol. 13, Cent. Dig. § 957.

Charles E. Gorman, for plaintiffs.
Edward D. Bassett, for defendants.

BROWN, District Judge. This is an action of trespass and eject-
ment. The defendants, by special plea, allege title in themselves;
and set forth, as a basis of title, a final decree of the Appellate Divi-
sion of the Supreme Court of the state of Rhode Island within and
for the county of Providence, sitting in chancery. To this plea the
plaintiffs demur, showing for causes of demurrer: (1) That the
judgment and decree pleaded in said second plea is a judgment and
decree of the Appellate Division of the Supreme Court of Rhode
Island, by which said court has exercised chancery powers; when,
under the Constitution of said state of Rhode Island, said Appel-
late Division of the Supreme Court is prohibited from possessing
or exercising chancery powers. (2) Because the Appellate Division
of the Supreme Court mentioned in said defendants' second plea,
and which rendered the judgment and decree pleaded in said plea,
was without competent jurisdiction to make the same by reason of
its not possessing competent jurisdiction to exercise chancery pow-
ers, and of the prohibition contained in the Constitution of Rhode
Island against chancery powers being conferred upon any court
other than the Supreme Court established by said Constitution.
(3) Because the said judgment and decree pleaded in the defendants'
second plea deprives the plaintiffs of their property without due pro-
cess of law, in violation of the provisions of the Constitution of the
United States contained in the fifth and fourteenth amendments
thereof. The case is before us on the demurrer.

In support of the plea the defendants rely upon Floyd v. Quinn,
24 R. I. 147, 52 Atl. 880, as a decision of the Supreme Court of
Rhode Island conclusively determining the constitutionality of the
act creating the divisions of the Supreme Court of Rhode Island.
This decision was rendered by the entire number of judges elected
and qualified as justices of the Supreme Court of Rhode Island.
The plaintiffs contend that this decision is not binding, for the rea-
son that the "Appellate Division of the Supreme Court of Rhode
Island" established by the General Assembly is not the "one Su-
preme Court" of the Constitution of Rhode Island, but an inferior
court, created by the Legislature, and prohibited by the Constitu-
tion from exercising chancery powers. They contend that, be-
fore giving the opinion of the Appellate Division in Floyd v. Quinn
the force and authority customarily given to the decisions of the
highest court of a state construing statutes in relation to the Con-
stitution of the state, this court must first decide that the Appellate
Division is the Supreme Court, or that the Appellate Division, and
not the Supreme Court, is the highest court in Rhode Island. While
the decision in Floyd v. Quinn was upon a petition filed "in the Ap-
pellate Division of the Supreme Court," yet, as a constitutional ques-
tion was raised, and as that question was heard by all the justices
of the Supreme Court sitting together, I have no hesitation in hold-
ing that the decision was by the constitutional tribunal. Whatever

questions may arise as to the right of the Legislature of Rhode Island to divide the Supreme Court of the Constitution, and to exclude from its sessions any of its justices, there can be no reasonable ground for questioning the validity of a provision of law permitting the entire number of justices of the Supreme Court to sit in a single body as the supreme tribunal for the interpretation of the Constitution of the state; or the validity of the action of the justices of the Supreme Court of Rhode Island in assembling together in a single body for the decision of a question of constitutional law. That this body is called the Appellate Division of the Supreme Court is of no consequence, since it is not a division—not a part—but the whole of those persons who, upon the strictest construction of the Constitution, were for the time being vested with the power of making a final interpretation of the Constitution of the state. If this body has so interpreted the Constitution as to justify the conferring of chancery powers upon a court composed in its sessions of the chief justice and two associate justices, the present case is governed by the rule that the judgment of the highest court of a state that a statute has been enacted in accordance with the requirements of the state Constitution is conclusive upon all the courts of the United States, and will not be reviewed by them where no question of the violation of rights secured by the federal Constitution arises. Atlantic & G. R. Co. v. Georgia, 98 U. S. 359, 25 L. Ed. 185; Penn College Cases, 13 Wall. 191, 212, 20 L. Ed. 550; Merchants' Bank v. Pennsylvania, 167 U. S. 461, 17 Sup. Ct. 829, 42 L. Ed. 236; Fallbrook Irrigation District v. Bradley, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. Ed. 369.

The important question, therefore, is as to the scope of the decision in Floyd v. Quinn. Does it determine the constitutionality of the legislative act which conferred chancery powers upon a ".division," so called, of that court? Turning to the decision, we find on page 158, 24 R. I., page 884, 52 Atl., the following language:

"The next question is whether the division of jurisdiction made in the judiciary act of 1893 violates the Constitution. Upon this question the defendant's proposition is that, whatever the jurisdiction of the court may be, it must be exercised by the whole court, or at least by a majority of the court."

The court inquires:

"We may well ask, if less than a majority constitute a court, what provision of the Constitution is violated? The defendant points out none, but says that there must be a majority as a rule of law."

The court then considers the question historically, and concludes that the right to give full jurisdiction to a minority has been the rule from the adoption of the Constitution until now, and was so even before the Constitution. The court further says:

"We think it is apparent that neither all the judges nor a majority are required to constitute a quorum, when the Constitution does not require a specified number and the Legislature has power to prescribe the jurisdiction of the courts by law."

The decision considers the objection that the act gives the chief justice the power to designate the justices in either division. It re-

fers to the argument that the power of the Legislature to fix a quorum does not justify the exclusion of justices; saying:

"If the power delegated to the Legislature was simply that of fixing a quorum, his position would be unanswerable. But, when the power is general as to jurisdiction, if it can be given to a part at all it can be given exclusively to such part. We need not here attempt to define its limits."

An argument that this decision is confined to the question of the right of the Legislature to authorize petitions for a new trial to be heard by a division of the court might, perhaps, be based upon the following sentence: "It is enough for this case that the right to grant new trials has never been wholly vested in the Supreme Court, and has never been required to be exercised by a full court;" yet upon a careful reading of the opinion it will be observed that the court distinguishes between powers vested by the Constitution in the Supreme Court and powers which by the Constitution the Legislature may, at its discretion, confer upon the court, and holds that the latter powers may be conferred upon a division of the court. The broad question of the constitutionality of the act was involved, and in its concluding sentence the court says in express terms: "The act giving to the court jurisdiction in divisions is not unconstitutional." This decision must be fairly met. To avoid its force by holding that it has no relation to the exercise of chancery powers would be possible only by ignoring the fact that the exercise of chancery powers is repeatedly referred to in the opinion. It is, moreover, incredible that, in view of the forcible and learned arguments which appear in the briefs filed in that court in various cases involving the constitutionality of the division of the court, this point should not have been fully in the minds of the justices when they declared that the act was not unconstitutional. The opinion, as I interpret it, takes the broad ground that a power not vested by the Constitution itself in the Supreme Court may be granted by the Legislature to a division of the Supreme Court. The question of the exercise of jurisdiction by single justices and by less than a majority of the justices is dealt with as a historical question, and the state Constitution is interpreted in supposed accordance with the practical interpretation placed upon it for many years. There can be no doubt of the power of the justices of the Supreme Court of Rhode Island to make the final interpretation of the state Constitution, provided that in so doing they do not impair rights guarantied by the Constitution of the United States. I find no grounds for holding that the plaintiffs have been deprived of any rights under the Constitution of the United States.

To further review the reasoning of the justices of the Supreme Court in Floyd v. Quinn is no part of the duty of this court. In deciding this case I desire neither to approve nor disapprove the reasoning of that decision. This court accords to the decision the full respect and authority to which it is entitled as an interpretation of the Constitution of Rhode Island by the supreme constitutional tribunal of that state.

Demurrer overruled.